IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NANCY J. GARGULA, UNITED STATES TRUSTEE,<br><br>        Plaintiff,<br><br>v.<br><br>ERIC HOMA and DEIGHAN LAW LLC, f/k/a/ LAW SOLUTIONS CHICAGO LLC, d/b/a UPRIGHT LAW LLC,<br><br>        Defendants. | Case No. 21-CV-00183-SPM |
| NANCY J. GARGULA, UNITED STATES TRUSTEE,<br><br>        Plaintiff,<br><br>v.<br><br>RONALD ALLAN BUCH and DEIGHAN LAW LLC, d/b/a UPRIGHT LAW LLC,<br><br>        Defendants. | Case No. 21-CV-00276-SPM |
| NANCY J. GARGULA, UNITED STATES TRUSTEE,<br><br>        Plaintiff,<br><br>v.<br><br>RONALD ALLAN BUCH and DEIGHAN LAW LLC, f/k/a/ LAW SOLUTIONS CHICAGO LLC, d/b/a UPRIGHT LAW LLC,<br><br>        Defendants. | Case No. 21-CV-00316-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

      Defendants Eric Homa, Ronald Allan Buch, and Deighan Law LLC, move

under FED. R. CIV. P. 54(b) for reconsideration of this Court's Orders dated April 16, 2021 in these Motion to Withdraw the Reference companion cases. In those Orders, the Court, citing 28 U.S.C. § 157(d) and Local Bankruptcy Rule 5011, denied Defendants' Motions to Withdraw the Reference and dismissed the cases in this District Court on the ground that they were untimely filed. After Defendants filed the Motions for Reconsideration, Plaintiff United States Trustee Nancy J. Gargula filed responses, and Defendants replied.

Rule 54(b) allows a court to exercise its inherent authority to reconsider nonfinal orders. *See Civix-DDI, LLC v. Hotels.com, LP*, 904 F. Supp. 2d 864, 866 (N.D. Ill. 2012) (citing *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983)) ("Every order short of a final decree is subject to reopening at the discretions of the . . . judge."). To prevail on a motion for reconsideration, the movant must present either newly discovered evidence or establish a manifest error of law or fact. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" (*Id.*) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). While "[a] court has the power to revisit prior decisions of its own," courts "should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)).

Defendants argue that the Court decided an issue that was "outside the adversarial issues presented to the Court by the parties," stating that Gargula did not raise timeliness in her objection to the Motions to Withdraw the Reference and, thus,

waived the argument. The Defendants then oddly pivot, stating that because Rule 5011 is not jurisdictional, the Court was under **no obligation** to raise the timeliness issue on its own. As the Defendants point out, the Court may very well bring up timeliness on its own, especially in cases of this nature where the Court has to decide where withdrawal of reference is appropriate. Timeliness is integral to that determination. In the absence binding precedent that counters that notion, reconsideration is not appropriate.

The same goes for Defendants' argument regarding interpretation of the timeliness of a motion to withdraw the reference under Rule 5011. Rule 5011 requires that, "[a]bsent leave of Court, a party filing a motion to withdraw the reference shall file the motion within 14 days of the filing of the first related pleading or response, or within 14 days of the pretrial order (if any), whichever is later, or shall be deemed to have waived such request." In underlying adversarial cases in the Bankruptcy Court, once Gargula filed the adversarial complaint and service was executed, Defendants opted to file motions to dismiss the adversarial proceeding, and only after those motions were denied by Judge Grandy did they file their Motions to Withdraw the Reference, well after the fourteen-day pleading or response prong. Additionally, no pretrial order has been entered in the underlying adversarial proceedings. Therefore, the Orders were consistent with the plain language of Rule 5011.[1] In the absence of existing binding precedent on interpretation of Rule 5011 to the contrary, it can hardly be said that the Court committed a manifest error by applying the statute the

---

[1] Defendants also claim that there is a conflict between the Court's interpretation of Rule 5011 and Local Bankruptcy Rule 9015, but there is no conflict. Rule 9015 specifically states that the Bankruptcy Judge decides whether any request for a jury trial is proper before requesting that the District Court withdraw the reference of the matter. The Bankruptcy Court is not obligated to request that the District Court withdraw the reference, as the Defendants contend, if it finds that a jury trial is not proper.

way it did.

Lastly, the Defendants argue that the interests of justice would be served by the Court reconsidering and revising the Orders. The Court does not find that the interests of justice are served by reconsidering and revising the Orders. As the Court stated in its orders, the reason for the timeliness requirement is to prevent parties from forum shopping, stalling, or otherwise engaging in obstructionist tactics. Those considerations ring especially true in these cases.

## CONCLUSION

For the reasons set forth above, Defendant Eric Homa, Ronald Allan Buch, and Deighan Law LLC's Motions for Reconsideration are **DENIED**.

**IT IS SO ORDERED.**

**DATED:   February 24, 2022**

s/ *Stephen P. McGlynn*  
**STEPHEN P. McGLYNN**  
**U.S. District Judge**